UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROYLAND KICKLIGHTER

v.                          CV611-062
                            CR605-34

UNITED STATES OF AMERICA

### ORDER

Now before the Court is Royland Kicklighter's "Motion to Set Aside . . . Judgment" pursuant to Fed. R. Civ. P. 60(b). Doc. #18. That motion follows this Court's dismissal of Kicklighter's 28 U.S.C. § 2255 motion as untimely. CV Doc. ## 2, 6, 7. Kicklighter has appealed, CV Doc. #10, and that appeal remains pending.

Kicklighter was required to file his 28 U.S.C. § 2255 motion by December 28, 2010. CV Doc. # 2, at 3. On October 4, 2010, he sent a § 2255 motion *along with a motion to seal it* to this Court. *Id.* at 3. His motion to seal was denied on November 1, 2010. *See* CR Doc. # 78. On that same day, and pursuant to this Court's Local Rule 79.7, the document Kicklighter wanted to be sealed – his § 2255 motion – was returned to him so that he could elect to withdraw it entirely, modify it to remove any material he did not want exposed to public view, or file it unsealed. CV Doc. #2, at 3-4. A copy of the Local Rule was sent to Kicklighter along with the returned § 2255 motion. *Id.* at 4.

At that point, Kicklighter had nearly two months before his December 28, 2010, deadline to send back the § 2255 motion, or a modified motion that redacted any information he considered to be sensitive, to be filed publicly. He did not meet that deadline, instead sending his § 2255 motion back in May 2011, six months too late. CV Doc. # 1.

Kicklighter argues now that the judgment should be set aside, and his § 2255 motion should proceed, because he was entitled to equitable tolling of the filing deadline. Doc. # 18, at 7-8. He says, in sum, that he did not know about this Court's Local Rule 79.7, did not understand the effect of sending his § 2255 motion with a motion to seal, and never received any direction from the Court about how to proceed after his motion was returned. Doc. #18, at 2-3, 5-6.

The equitable tolling argument was discussed and rejected in the report of the Magistrate Judge recommending denial of the § 2255 motion. Doc. #2, at 3-4. This Court adopted that report as its own opinion in dismissing Kicklighter's § 2255 motion, Doc. ##6, 12, and sees no need to revisit the issue again. As the government correctly notes, all litigants, including those proceeding pro se like Kicklighter, are charged with knowledge of this Court's rules. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Kicklighter's lack of diligence here after this Court denied his motion to seal and returned to him his § 2255 motion does not amount to a reason to equitably toll the otherwise applicable deadline.

Despite the pendency of Kicklighter's appeal, this Court remains authorized to deny his current motion. *See Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003). It should be and is therefore **DENIED**.

This 12 day of December, 2011.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA